UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

Jerry Dewayne Alexander, Sr.,

Plaintiff,

v.

Corning Incorporated,

Defendant.

Case No. 25-cv-6516

PROPOSED AMENDED COMPLAINT (EXHIBIT A)

Plaintiff Jerry Dewayne Alexander, Sr., alleges as follows:

## I. INTRODUCTION

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. Plaintiff is the inventor and owner of U.S. Patent No. 11,037,489, which describes a display article comprising a resilient transparent material combined with a digital display module.

3. Defendant Corning Incorporated supplies resilient transparent materials that are incorporated into display assemblies manufactured by Tier-1 automotive suppliers and ultimately installed in commercial vehicles.

4. Plaintiff alleges that Corning Inc. supplies a component of an infringing combination, and that Corning's materials are specifically designed, engineered, and marketed for integration with digital display modules in a manner that practices one or more claims of the '489 Patent.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant Corning Incorporated is headquartered in this District and conducts substantial business here.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

III. THE PARTIES

8.  Plaintiff Jerry Dewayne Alexander, Sr. is an individual and the owner of the '489 Patent.

9.  Defendant Corning Incorporated is a New York corporation with its principal place of business in Corning, New York.

IV. THE '489 PATENT

10. Plaintiff is the inventor and owner of U.S. Patent No. 11,037,489, High Strength Transparent Articles with Digital Display Arrays and Capabilities

11. The '489 Patent describes a display article comprising:

- a resilient transparent material, and

- a digital display module (e.g., OLED array), which is laminated, attached, or embedded to form a functional display structure.

12. The patent remains valid and enforceable.

V. CORNING'S ROLE IN THE SUPPLY CHAIN

13. Corning manufactures and supplies resilient transparent materials, including strengthened glass, flexible glass, and laminated transparent substrates.

14. These materials are supplied to Tier-1 automotive suppliers who design and assemble display modules.

15. Tier-1 suppliers provide Corning with exact measurements, specifications, and engineering requirements for glass substrates that will be combined with digital display modules.

16. Corning's materials are specifically engineered to be compatible with:

*   optical adhesives,

- OLED lamination,

- curved display integration, and

- digital module bonding processes.

17. Corning publicly markets its materials for use in automotive display systems, cockpit displays, and transparent display assemblies.

## VI. INFRINGEMENT ALLEGATIONS

18. Corning supplies a component of the patented combination described in the '489 Patent.

19. Corning knows or should know that its resilient transparent materials are used by Tier-1 suppliers in combination with digital display modules.

20. The resulting display assemblies practice one or more claims of the '489 Patent.

21. Corning's supply of custom-engineered resilient materials constitutes:

- contributory infringement under 35 U.S.C. § 271(c), and/or

- induced infringement under 35 U.S.C. § 271(b).

22. Plaintiff has suffered damages because of Corning's infringing activities.

## VII. PRAYER FOR RELIEF

23. Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

A. A judgment that Corning has infringed the '489 Patent under 35 U.S.C. § 271.

B. Damages adequate to compensate Plaintiff for infringement.

C. Pre-judgment and post-judgment interest.

D. Costs of suit.

E. Any further relief the Court deems just and proper.

## VIII. JURY DEMAND

24. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Jerry Dewanye Alexander Sr.*

Jerry Dewanye Alexander Sr.

Plaintiff, Pro Se

Memphis, Tennessee

February 10, 2026